# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NATHANIEL DWAYNE CAETANO,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KINGS COUNTY SHERIFF, et al.,<br><br>　　　　　Defendants. | Case No. 1:22-cv-00222-JLT-BAM<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING:<br><br>(1) DISMISSAL OF ACTION AS FRIVOLOUS (Doc. 1.);<br><br>(2) DENIAL OF APPLICATION TO PROCEED IN FORMA PAUPERIS (Doc. 2);<br><br>(3) DENIAL OF MISCELLANEOUS MOTIONS (Docs. 3, 4.)<br><br>**FOURTEEN-DAY DEADLINE** |

　　　　Plaintiff Nathaniel Dwayne Caetano ("Plaintiff"), a state prisoner proceeding pro se, filed this purported "Case in Admiralty" on February 22, 2022. (Doc. 1.) Concurrent with his complaint, Plaintiff filed an application to proceed in forma pauperis. (Doc. 2.) Plaintiff also filed a motion for emergency injunctive relief and for attachment of payment bond(s), (Doc. 3), and a motion for an award of costs and attorney's fees, for "Appointing Indigent Plaintiff Ward Funds for 40 Hours or Private Investigator Services" and for "Appointing Indigent Plaintiff Ward Funds for 40 Hours of Paralegal Services," (Doc. 4).

　　　　For the reasons that follow, the Court recommends dismissal of this action as frivolous and for failure to state a plausibly cognizable claim. The Court also recommends denial of

Plaintiff's application to proceed in forma pauperis, (Doc. 2), and denial of Plaintiff's numerous other motions, (Docs. 3 and 4), as moot.

## I.    Screening Requirement and Standard

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b); 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

## II.    Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility ("CSATF") in Corcoran, California. He brings this action for allegedly unpaid pilot and seaman wages against multiple defendants, including a "Payment Bond," the Kings County Sheriff, Kings County Superior Court and Nocona Soboleski—Executive Officer/Clerk of the Court, and Eastern District of California (Fresno) and Keith Holland—Executive Officer/Clerk of the Court.

(Doc. 1 at 22.)

Plaintiff avers that he is "Private Man, Private Citizen, Sovereign . . . Secured Party Creditor of NATHANIEL DWAYNE CAETANO." (Doc. 1 at 7.) He also avers that his physical body is "a transportation watercraft, and by law …. a vessel." (*Id.*) His complaint includes nearly incomprehensible allegations concerning penal bid bonds, performance bonds, and payment bonds, all of which stem from his November 18, 2009, arrest by the Kings County Sheriff on charges of cultivating marijuana, arson and first-degree murder and his subsequent Kings County Superior Court criminal judgment in 09CM3557.

As best as the Court can determine, Plaintiff claims that a penal bid bond was generated at the time of his arrest. Plaintiff further claims that the Kings County Superior Court did not disclose the penal bid bond and created/ordered a judgment. The Kings County Superior Court then sold the bond and judgment to the U.S. District Court (Eastern District of California, Fresno), and the district court in turn sold the bond/judgment to one of its contractors, who in turn resold it to the highest bidder, a bond investor, generating a performance bond and a payment bond. (*Id.* at 9-10.)

Plaintiff essentially is suing for "unpaid wages (Stevedore), labor, material and pilotage." (*Id.* at 8.) Plaintiff asserts that he charges "$4,500.00 USD as a Pilot, Seaman, Materialman and laborer as and for this vessel." (*Id.* at 10.) In an affidavit, Plaintiff alleges he has worked "piloting this vessel, laboring 24 hours a day in prison, performing for Contract 09CM3557, everyday; for 4,444 days straight without a previous day off, vacation, sick leave, etc." (*Id.* at 14.) For the period through 1/20/2022, he calculates damages and unpaid wages as totaling $19,998.000.00 (4,444 x $4,500.00). (*Id.*)

**III.    Discussion**

A complaint is frivolous within the meaning of 28 U.S.C. § 1915 "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "The court may ... dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless." *Howell v. Johnson*, et al., No. 2:21-cv-00997-CKD, 2021 WL 3602139, at *1 (E.D. Cal. 2021) (citing *Neitzke*, 490 U.S. at 327). "The critical

1  inquiry is whether a ... claim, however inartfully pleaded, has an arguable legal and factual basis."
2  *Id.* (citations omitted).

3  Plaintiff's complaint is based on indisputably meritless legal theories. Examples of claims
4  based on an indisputably meritless legal theory include claims of infringement of a legal interest
5  which clearly does not exist. *Neitzke,* 490 U.S. at 327. Plaintiff purports to bring this suit as an
6  admiralty action, but there is no connection between Plaintiff and admiralty or maritime activity.
7  Plaintiff also purports to bring this action to secure penal bid bonds, payment bonds and
8  performance bonds arising from his arrest and conviction that he claims have been sold by the
9  state and federal court. These theories are based on legal interests that clearly do not exist.

10  Further, to the extent Plaintiff's allegations are based on a sovereign citizen ideology,
11  "[c]ourts across the country 'have uniformly rejected arguments' based on the sovereign citizen
12  ideology as frivolous, irrational, or unintelligible. *United States v. Staten*, No. 1:10-cr-179, 2012
13  WL 2389871, at *3 (M.D. Pa. June 25, 2012) (collecting cases). The Ninth Circuit has rejected
14  arguments premised on the ideology as 'utterly meritless.' *See United States v. Studley*, 783 F.2d
15  934, 937 n.3 (9th Cir. 1986)." *Mackey v. Bureau of Prisons*, 2016 WL 3254037, at *1 (E.D. Cal.
16  June 14, 2016); *Peyton v. Cates*, No. 1:21-cv-00740-DAD-EPG (PC), 2021 WL 4206432, at *2 n.
17  2 (E.D. Cal. Sept. 16, 2021), report and recommendation adopted, No. 1:21-cv 00740-DAD-EPG
18  (PC), 2021 WL 5015685 (E.D. Cal. Oct. 28, 2021).

19  Plaintiff's factual allegations also are baseless. Clearly baseless factual allegations
20  include those "that are 'fanciful,' 'fantastic,' and 'delusional.'" *Denton v. Hernandez*, 504 U.S.
21  25, 32–33 (1992) (quoting *Neitzke*, 490 U.S. at 325, 327, 328). Accordingly, "a finding of factual
22  frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly
23  incredible, whether or not there are judicially noticeable facts available to contradict them." Id. at
24  33. Plaintiff's allegation that he is a transportation watercraft is fanciful and delusional.
25  Similarly, Plaintiff's allegations concerning the generation and sale of a penal bid bond/judgment
26  and creation of performance and payment bonds rise to the level of the irrational or wholly
27  incredible.
28  ///

4

The Court therefore concludes that Plaintiff's complaint is frivolous, lacking an arguable basis either in law or in fact, and does not state a plausible claim. Because the complaint is frivolous, the Court finds that Plaintiff should not be granted leave to amend. *See Lopez v. Smith*, 203 F.3d 1122, 1127 n. 8 (9th Cir. 2000) ("When a case may be classified as frivolous or malicious, there is, by definition, no merit to the underlying action and so no reason to grant leave to amend."). The Court also finds that Plaintiff's application to proceed in forma pauperis should be denied. *See Howze v. Tanaka*, 585 Fed.App'x. 379, 379–80 (9th Cir. 2014) (finding that district court did not abuse its discretion in denying plaintiff leave to proceed IFP because his claims were either frivolous or lacked merit); *Lacey v. California*, No. 21-CV-0107-BAS-DEB, 2021 WL 254200, at *2 (S.D. Cal. Jan. 26, 2021) (denying plaintiff leave to proceed IFP where complaint allegations factually frivolous and did not state a plausible claim).

### IV.  CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED as follows:

1. Plaintiff's complaint (Doc. 1) be dismissed with prejudice as frivolous or for failing to plausibly state a claim;
2. Plaintiff's application to proceed in forma pauperis (Doc. 2) be denied; and
3. Plaintiff's additional motions (Docs. 3 and 4) be denied as moot.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that the failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **March 1, 2022**           /s/ *Barbara A. McAuliffe*
                                    UNITED STATES MAGISTRATE JUDGE